Morgan Smith Executive Director Department of Local Affairs 1313 Sherman Street Denver, CO 80203
Dear Mr. Smith:
I am writing in response to the request of your office for a formal legal opinion concerning exemptions from the 7 percent tax revenue limitation.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Must bonds go to election in order to qualify for exemption from the 7 percent tax limitation imposed by C.R.S. 1973,29-1-301 (Supp. 1982)?
2. May taxpayers approve a mill levy increase for two or more years with no use specifically designated for the revenues realized from the increase?
As to both questions, my conclusion is "no."
ANALYSIS
1. The answer to your first question is governed by an analysis of C.R.S. 1973, 29-1-301(1) (Supp. 1982). Section29-1-301(1) states, in pertinent part:
 All statutory tax levies when applied to the total valuation for assessment . . . shall be so reduced as to prohibit the levying of a greater amount of revenue than was levied in the preceding year plus seven percent, except to provide for the payment of bonds and interest thereon, for payment of any contractual obligation which has been approved by a majority of the qualified electors of the taxing authority, or for the payment of pension funds by fire protection districts . . . or except as provided in subsection (1.3) of this section.
(emphasis added).
As I understand the facts underlying your request, the Division of Local Government has interpreted this section to exempt only bonds which have been approved through election.[1]
When interpreting a statute, words and phrases must be given their plain and obvious meanings. R F Enterprises v. Boardof County Commissioners, 199 Colo. 137, 606 P.2d 64 (1980). Further, a literal and grammatical interpretation controls unless it would violate the obvious and manifest purposes of the statute. People v. Silvola, 190 Colo. 363, 547 P.2d 1283
(1976), cert. denied, 429 U.S. 886.
The language contained in section 29-1-301 does not limit the exemption only to bonds approved by election. The phrases after the words "preceding year plus seven percent" are individual exceptions to the 7 percent limitation. Each phrase is set off by commas, and the limitations within each of the exceptions apply only to the phrase in which they are located. See 2A C. Sands, Sutherland, Statutes and Statutory Construction, § 47.15 (4th ed. 1973). The logical and grammatical construction is that only contractual obligations must be approved by election. Bonds which are not subject to election, as well as bonds which have been approved by election, are exempt from the 7 percent limitation.
You have listed five examples which you have asked me to apply the above-stated provision. If the revenue is used to pay for bonds or interest thereon, the revenue is exempt from the 7 percent limitation.
2. C.R.S. 1973, 29-1-302 (Supp. 1982) addresses the procedures to be followed when asking for an increased tax levy above the 7 percent limitation. Under section 29-1-302(1), the Division of Local Government, upon request of the political subdivision, must review the request in light of the subdivision's overall needs and financial condition.
In addition to the requirements of subsection (1), subsection (1.5) encourages the division to grant additional levy authority to finance capital projects and purchases of capital assets which are one-time, nonrecurring expenditures. Under (1.5), the division has the authority to authorize automatic increased levies for a number of years.
Section 29-1-302(2) addresses the procedure to be followed if the division fails or refuses to act on requests for increased levies, as follows:
 In case the division of local government refuses or fails within ten days after submission to it of an adopted budget to grant such increased levy,
the question may be submitted to qualified electors of said district. . . .
(emphasis added).
It is my opinion that the above-emphasized phrase refers to levy increases permitted under both subsections (1) and (1.5). Thus, the qualified electors can vote for an increased levy to finance capital projects or purchases of capital assets which are nonrecurring, one-time expenditures. The voters may approve the increased levy for the number of years needed to pay for these capital projects or expenditures. For increased levies other than for capital expenditures, the electors are limited to granting an increase for the ensuing year.
SUMMARY
Bonds and interest thereon are exempt from statutory tax levy limitations whether or not the bonds are approved by the electors. Electors may approve an increase in their statutory tax levy for more than one year if such increases are used to finance capital projects and purchases of capital assets which are one-time, nonrecurring expenditures.
Very truly yours,
 DUANE WOODARD Attorney General
TAXATION AND REVENUE
C.R.S. 1973, 29-1-301 (Supp. 1982)
C.R.S. 1973, 29-1-302
AFFAIRS, LOCAL, DEPT. OF
Bonds and interest thereon are exempt from statutory tax levy limitations whether or not the bonds are approved by electors. Electors may approve an increase in their statutory tax levy for more than 1 year if such increases are used to finance capital projects and purchases of capital assets which are one-time, nonrecurring expenditures.
[1] This opinion does not discuss the circumstances under which bonds must be approved by election.